ZACHARIE ET AL. *vs.* NASH.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

The defendant, representing himself as agent, writes to the plaintiffs, requesting them to purchase an assorted cargo, for the schooner Charleston, belonging to his principals, Messrs. B & B, and to value on them for the amount, which is acceded to; and the invoice made out for account and risk of B and B, per order of defendant, at Matagorda, to whom the cargo is consigned. and a bill drawn by them on B & B, at Boston, for the amount, which is accepted, *but not paid* : *Held*, that the defendant is not liable.

A person who draws a bill of exchange, declaring himself at the same time, to be the *agent of the drawees*, is not liable individually, on protest and non-payment of the bill.

This is an action to charge the defendant with the value of a cargo and invoice of goods, shipped and consigned to him by the plaintiffs, and to recover from him the amount of a bill of exchange, which had been drawn by them on his principals, Messrs. Barrett & Brown, of Boston, to cover the goods so purchased, and which was accepted but not paid.

The plaintiffs seek to make the defendant liable on his letter, which induced them to purchase and ship the goods in question to him at Matagorda. The facts of the case and this letter, are fully stated in the opinion of the court which follows.

The defendant pleaded a general denial.

The parish judge was of opinion the defendant was liable, and gave judgment against him for the amount claimed ; and he appealed.

*J. Slidell* for the plaintiff, submitted the case upon the record.

*L. Peirce*, contra.

*Bullard, J.*, delivered the opinion of the court.

This case has been submitted to the court without any

argument or reference to authorities, upon a single point suggested by the appellant, to wit: that the judgment of the Parish Court is contrary to law and evidence.

EASTERN DIST.

January, 1839.

ZACHARIE ET AL.
vs.
NASH.

The facts, as shown by the record, are these: The defendant, Nash, wrote a letter from Matagorda addressed to the plaintiffs, which was handed to them by the captain of the schooner Charleston, belonging to Messrs. Barrett & Brown, of Boston, in which he requests them to furnish an assorted cargo, and to value on Barrett & Brown therefor. He informs them that he has written to that house, requesting them to forward to the plaintiffs such instructions as would facilitate the vessel's immediate despatch. He further informs them that Barrett & Brown had furnished him, the defendant, a letter of credit at Mobile, with N. H. Robertson & Co., in case the vessel should be sent there, "to whom, he adds, should you think proper you can apply." After giving some instructions as to the cargo, the defendant adds, "as I am a stranger to you it may not be amiss in me to state that I am the accredited agent of Messrs. Barrett & Brown, and this may only be an introduction for other and larger cargoes, as we have three vessels in this quarter."

In pursuance of this request the plaintiffs purchased the assorted cargo, of which the invoice was made out for account and risk of Messrs. Barrett & Brown, per order of D. R. Nash, of Matagorda, and consigned to him. For the amount of the cargo and other disbursements, the plaintiffs drew their bill of exchange on Barrett & Brown, which was duly accepted, but at maturity, protested for nonpayment, the drawees having in the mean time made an assignment of their property.

This evidence appeared to the Parish Court, sufficient to render the defendant, Nash, personally liable for the amount of the bill thus drawn, together with damages after protest.

In this conclusion we cannot concur. The defendant explicitly represented himself as the agent of Barrett & Brown, and the plaintiffs dealt with him in that capacity; and the transaction was ratified by his principals, by accepting the bill drawn on them as directed. Nothing shows that

*The defendant, representing himself as agent, writes to the plaintiffs, requesting them to purchase an assorted cargo for the schooner Charleston, belonging to his principals, Messrs. B. & B. and to value on them for the amount; which is acceded to, and the invoice made out for account and risk of B & B, per order of defendant at Matagorda; to whom the cargo is consigned, and a bill drawn by them on B & B, at Boston, for the amount, which is accepted but not paid: Held, that the defendant is not liable.*

*A person who draws a bill of exchange, declaring himself at the same time to be the agent of the drawees, is not liable individually, on protest and nonpayment of the bill.*

EASTERN DIST. the defendant intended to make himself personally liable, nor
January, 1839. that he was a partner, or that he exceeded his powers. If
ZIMMER instead of writing the letter in question, Nash had drawn the
vs. bill of exchange, declaring himself the agent of the drawees,
THOMPSON ET AL. the plaintiffs could not have recovered against him, on pro-
test for non-payment. Krumbhaar vs. Ludeling, 3 *Martin*,
640, 10 *Louisiana Reports*, 390.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Parish Court be reversed, and that ours be
for the defendant, as in the case of a non-suit, with costs in
both courts.